IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OLIVIA A. BOYCE,             ) | |
|                              ) | |
|     Plaintiff,               ) | |
|                              ) | |
| vs.                          ) | Case No. 3:21-cv-1086-DWD |
|                              ) | |
| FITZGERALD,                  ) | |
| RANDY KERN,                  ) | |
| JAMES FLUMMER, and           ) | |
| MEADOWS,                     ) | |
|                              ) | |
|     Defendants.              ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff Olivia A. Boyce filed this lawsuit on September 2, 2021. (Doc. 3) On the same day, Boyce filed a motion for leave to proceed *in forma pauperis*. (Doc. 4) Two matters must be resolved before *in forma pauperis* status can be granted: the plaintiff must show that she is indigent by submitting an affidavit "that includes a statement of all assets [she] possesses [showing] that [she] is unable to pay such fees or give security therefor," and the plaintiff's complaint must state a claim upon which relief may be granted. 28 U.S.C. § 1915(a)(1), (e)(2).

In her complaint, Boyce claims that Officer Fitzgerald of the Pulaski County Sheriff's Office informed her on September 19, 2019, that a complaint had been filed against her by Charles Davis and Micah Wyatt and that she would be arrested for trespassing if she came on their property on Baggott Lane or Benjamin Street. (Doc. 3 at 7) On September 29, 2019, she was arrested by an officer from the Pulaski County Sheriff's

Office for trespassing and disturbing the peace. (Doc. 3 at 17) She claims that she was arrested while attending a Bible study on a property located at 18 Jacob Drive. (Doc. 3 at 17) Boyce alleges that police officers falsely arrested her because she can find no record of a complaint filed against her by Davis or Wyatt and because she was arrested while at a property on Jacob Drive, not Baggott Lane or Benjamin Street.

For a plaintiff to state a claim under Federal Rule of Civil Procedure 8, she must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This requirement is primarily concerned with notice—putting a plaintiff to the paces of pleading some facts gives the defendants enough foreknowledge of what they are being accused of so that they can capably mount a response. *See United States ex. rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). A successful claim tends to explain the who, what, when, where, why, and how of each alleged violation. Under the Fourth Amendment and Illinois state law, there are two elements in a claim of false arrest: (1) an arrest (2) without probable cause. *Johnson v. Dossey*, 878 F. Supp. 2d 905, 917 (N.D. Ill. Mar. 30, 2012).

Under this standard, there are several deficiencies in Boyce's complaint. Boyce has alleged that she was arrested on September 19, 2019, without probable cause as to the charge of trespassing. However, she has not clearly alleged who arrested her on September 29, 2019. She has named four defendants, but she has not explained how they participated in her arrest or otherwise violated her civil rights. Boyce has not alleged any facts showing that Officer Fitzgerald or James Flummer participated in her arrest. She has not stated any facts at all about Officer Meadows. And Sherriff Randy Kern is not liable

for a false arrest made by one of his officers if Kern did not participate in or ratify the officer's actions. *See Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011).

Boyce has also not clearly alleged the legal basis for her claim. The form she used for her complaint indicates that subject matter jurisdiction is invoked under 42 U.S.C. § 1983. From this, the Court infers that Boyce seeks to bring a false arrest claim based on federal law. But she must state clearly if she seeks to bring a false arrest claim based on state law as well. Further, the facts that Boyce alleges support a claim for false arrest only as to the charge of trespassing. She must provide additional facts if she wishes to claim that there was also no basis for her arrest for disturbing the peace.

For these reasons, Boyce's complaint (Doc. 3) is **DISMISSED without prejudice** with leave to amend. On or before October 8, 2021, Boyce shall file an amended complaint that clearly explains who arrested her on September 29, 2019, and the laws on which she bases her claim of false arrest. If she cannot provide facts showing that a person participated in her arrest, she should not include that person as a defendant, unless she can show that the defendants violated her civil rights in some other way. If Boyce believes that she was also falsely arrested on the grounds of disturbing the peace, she must provide additional facts in support of that claim.

**SO ORDERED.**

Dated: September 9, 2021

_____
DAVID W. DUGAN
United States District Judge